Derbigny, J.
delivered the opinion of the court. This case comes again before this court upon bills of exceptions to several opinions of the judge of the first district, on points which arose since the cause was remanded for the last time.
The first is taken against his refusal to admit the testimony of Peter V. Ogden, one of the parties to this suit, who, to make himself a witness, executed a transfer of his rights and claims, to his partner in trade, and offered to deposit any sum of money, which might be deemed sufficient for the payment of the costs, in case he should be decreed to pay any. We think that the district judge was right in considering P. V. Ogden as still incompetent to be a witness, after this transfer and tender.
The second bill of exceptions contains the several objections, which the appellants made to the charge, addressed by the judge to the jury *371 on some of the questions of fact submitted to them.
On the first fact, we are of opinion that the judge charged the jury correctly, when he told them that the record was sufficient legal evidence, that the plaintiffs were assignees of Wm. P. Meeker. He might, indeed, well have refused to suffer that fact to go to the jury, because these exceptions to the persons of the plaintiffs, or pleas in abatement, were inadmissible at this stage of the cause, after the charac of the plaintiffs had been recognised by the creditors of Williamson and Patton, in a variety of ways, since the beginning of these proceedings.
On the second fact, we deem if useless to examine whether the judge was right or wrong, in his charge to the jury, because we consider that fact, as unimportant in this controversy, where the title, on which the present claim is founded, is a judgment rendered in favor of the assignees of Wm. P. Meeker.
On the fourth question, we also think that the judge’s charge to the jury was right ; because, no third person can disturb a judgment rendered between two parties, unless he can show that such judgment was obtained by collusion, to defraud other persons.
Duncan for the plaintiffs, Livingston for the defendants.
On the seventh, we are also of opinion that the district judge was correct in saying that fraud and collusion were necessary to be proved, in the withdrawal of the exceptions there alluded to ; because a defendant may in very good faith abandon some apparently good grounds of defence, and it is only the ill faith of the parties that gives a third person a right to attack the judgment.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.